BLAKE G. HALL, ESQ.
SAM L. ANGELL, ESQ.
NATHAN R. STARNES, ESQ.
HALL ANGELL STARNES, LLP
901 Pier View Drive, Suite 203
Idaho Falls, Idaho 83402
Telephone (208) 522-3003
Fax (208) 656-7108
*ISB Nos. 2434, 7012 & 7484*
bgh@hasattorneys.com
sla@hasattorneys.com
nrs@hasattorneys.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON C. GREEN, | Case No. 4:13-cv-00433-EJL |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF IDAHO FALLS, IDAHO FALLS POLICE DEPARTMENT, and OFFICER BART WHITING, | |
| Defendants. | |

By and through counsel of record, Defendants submit the following as an Answer to Plaintiff's Verified Complaint and Demand for Jury Trial (hereinafter "Complaint").

In answering this Complaint, Defendants expressly reserve, in addition to the defenses set forth below, all defenses provided for or authorized by Fed. R. Civ. P. 12 and all other defenses provided by law. Moreover, Defendants state that investigation of this matter is continuing and as such, certain averments, statements and defenses may change in the future in light of additional or newly discovered information.

## GENERAL DENIAL

Defendants deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. With regard to Paragraph 1, Defendants deny the same.

2. With regard to Paragraph 2, Defendants deny the same.

3. With regard to Paragraph 3, Defendants deny the same.

4. With regard to Paragraph 4, Defendants deny the same.

### PARTIES

5. With regard to Paragraph 5, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

6. With regard to Paragraph 6, Defendants admit that the City of Idaho Falls is a municipal corporation organized and incorporated under the laws of the State of Idaho, located at 308 Constitution Way, Idaho Falls, Idaho, but deny the remainder of this paragraph.

7. With regard to Paragraph 7, Defendants deny the same.

8. With regard to Paragraph 8, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

### GENERAL FACTS AND ALLEGATIONS

9. With regard to Paragraph 9, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

10. With regard to Paragraph 10, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

11.     With regard to paragraph 11, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

12.     With regard to Paragraph 12, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

13.     With regard to Paragraph 13, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

14.     With regard to Paragraph 14, Defendants deny the same.

15.     With regard to the second Paragraph 13*[1], Defendants are without information sufficient to either admit or deny, and therefore deny the same.

16.     With regard to the second Paragraph 14*[2], Defendants are without information sufficient to either admit or deny, and therefore deny the same.

17.     With regard to Paragraph 15, Defendants are without information sufficient to either admit or deny, and therefore deny the same.

18.     With regard to Paragraph 16, Defendants deny the same.

19.     With regard to Paragraph 17, Defendants deny the same.

20.     With regard to Paragraph 18, Defendants deny the same.

21.     With regard to Paragraph 19, Defendants deny the same.

22.     With regard to Paragraph 20, Defendants deny the same.

23.     With regard to Paragraph 21, Defendants deny the same.

---

[1] *Paragraphs were out of sequence in Plaintiff's complaint

[2] *Paragraphs were out of sequence in Plaintiff's complaint

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 3

## COUNT I.

### 42 U.S.C. §1983, Deprivation of the Rights of Plaintiff (all Defendants)

24. With regard to Paragraph 22, this paragraph contains no allegation of fact and therefore, Defendants deny the same.

25. With regard to Paragraph 23, Defendants deny the same.

26. With regard to Paragraph 24, Defendants deny the same.

27. With regard to Paragraph 25, Defendants deny the same.

28. With regard to Paragraph 26, Defendants deny the same.

## COUNT II.

### Battery (Officer Bart Whiting)

27. With regard to Paragraph 27, this paragraph contains no allegation of fact and therefore, Defendants deny the same.

28. With regard to Paragraph 28, Defendants deny the same.

29. With regard to Paragraph 29, Defendants deny the same.

30. With regard to Paragraph 30, Defendants deny the same.

## COUNT III.

### Negligence and Gross Negligence (all Defendants)

31. With regard to Paragraph 31, this paragraph contains no allegation of fact and therefore, Defendants deny the same.

32. With regard to Paragraph 32, Defendants deny the same.

33. With regard to Paragraph 33, Defendants deny the same.

## AFFIRMATIVE DEFENSES:

1.      Plaintiff's Complaint, and each and every allegation contained therein, fails to state a claim against Defendants upon which relief can be granted.

2.      Plaintiff has failed to comply with requirements of the Idaho Tort Claims Act.

3.      Plaintiff's claims against Defendants is precluded by Idaho Code § 6-610 and Plaintiff's failure to file a written undertaking.

4.      Defendants are immune from the liability under 42 U.S.C. § 1983 pursuant to the absolute and qualified immunity doctrines.

5.      Plaintiff's Complaint and the averments contained therein fail sufficiently to allege the times and places at which certain material events described in the complaint allegedly occurred, and such claims therefore is barred and/or subject to dismissal pursuant to Rule 9 of the Federal Rules of Civil Procedure.

6.      Plaintiff has failed to exhaust administrative remedies with regard to some or all of the claims asserted for which exhaustion is required under applicable law.

7.      Plaintiff's damages, if any, are solely attributable to the conduct of Plaintiff and/or were proximately caused in whole or in part by unforeseeable, independent, intervening, and/or superseding events and by the unforeseeable, acts and/or omissions of persons or entities other than Defendants.

8.      Plaintiff lacks standing to pursue claims in this matter and/or Plaintiff's claims are moot and/or not yet ripe.

9.      Plaintiff's claims are precluded by the doctrines of Waiver, Estoppel and/or Laches.

10.      Plaintiff's claims are precluded by the applicable Statutes of Limitation.

11.     Plaintiff has failed to mitigate damages, if any.

12.     The acts or omissions of Plaintiff and/or others constitute comparative negligence which, pursuant to Idaho Code § 6-801 *et seq*, or other applicable laws, bars or reduces Plaintiff's recovery, if any, against Defendant.

13.     If Defendants have any liability to the Plaintiff, which liability is denied, any award made to Plaintiff in this action must be reduced by the court, pursuant to Idaho Code §§ 6-1603, 6-1604 and 6-1606, and/or applicable federal law.

14.     Defendants allege that some or all of the injuries claimed by Plaintiff pre-existed the incident alleged in the Complaint, or were the progression thereof, and were the result of medical factors and conditions, or other emotional or mental disorders, not proximately caused by any action of Defendants.

15.     The actions of Defendants were at all times carried out in good faith.  Defendants had objectively reasonable belief that all conduct was lawful at all times stated in Plaintiff's Complaint.

16.     Equitable remedies are not appropriate.

17.     Defendants have not engaged in any conduct that would violate or be contrary to public policy.

18.     The foregoing defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief.  In asserting these defenses, Defendants do not admit the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reasons of the denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse to the allegations contained in many of the defenses is upon the Plaintiff.  Defendants do not admit, in

asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability in Plaintiff's Complaint.

Defendants may have additional defenses to Plaintiff's Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, Defendants reserve the right to supplement this Answer and add additional defenses as discovery in the case progresses.

## REQUEST FOR ATTORNEY FEES

Defendants have been required to retain the services of an attorney in order to defend against Plaintiff's complaint and is entitled to reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. § 1988; Idaho Code §§ 12-117, 12-120 and 12-121; Rules 11 and 54, Federal Rules of Civil Procedure and other state and federal statutes which may be applicable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, with Plaintiff taking nothing thereunder;

2. Defendants be awarded costs and attorney fees necessarily incurred in defending this action;

3. For such other relief as the Court may deem just and proper.

Dated this 16th day of October, 2013.

_____/S/_____
BLAKE G. HALL

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 7

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Defendants request a

trial of the issues of fact herein by a jury.

DATED this 16th day of October, 2013.

/S/
BLAKE G. HALL

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing document upon the following
this 16th day of October, 2013, by electronically filing with the Clerk of the Court using CM/ECF
system with a Notice of Electronic Filing to the following persons:

Troy Rasmussen, Esq.
TROY RASMUSSEN, Attorney at Law
127 East Main Street, Suite A-2
PO Box 818
Rexburg, ID 83440
Email: traal.pllc@gmail.com

/S/
BLAKE G. HALL

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 8